In the

# United States Court of Appeals

### For the Seventh Circuit

_____

No. 25-2434

THOMAS H. HOOPER,
Chapter 13 Standing Trustee,

*Appellant*,

*v.*

JILL R. CRAWFORD,

*Appellee.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:24-cv-05178 — **Georgia N. Alexakis**, *Judge*.

_____

SUBMITTED APRIL 10, 2026 — DECIDED JULY 31, 2026

_____

Before ROVNER, ST. EVE, and PRYOR, *Circuit Judges*.

ROVNER, *Circuit Judge*. The trustee in this bankruptcy case, Thomas H. Hooper, asks whether a bankruptcy court's time-saving "plan forward" procedures—in which the court approves a bankruptcy plan before a creditor has filed a claim—violate the United States Bankruptcy Code ("Code"). In other words, is a creditor entitled to receive distributions as directed by the terms of a confirmed Chapter 13 plan notwithstanding the fact that the creditor has not filed a proof of

claim? The bankruptcy court answered "yes," and the district court agreed, as does this court. Bank of America, a creditor included in the confirmed plan, may receive plan distributions notwithstanding the fact that the bank did not file a proof of claim.

## I.

Chapter 13 of the Code allows debtors to develop a plan to repay all or a portion of their debts over time while retaining some assets. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 264 (2010); *see also* 11 U.S.C. §§ 301(a), 1322. A debtor's proposed plan becomes effective when the bankruptcy court confirms it, after which time the trustee must begin to distribute payments to creditors in accordance with the plan. *See* 11 U.S.C. § 1326(a)(2); *Espinosa*, 559 U.S. at 264.

When a bankruptcy petitioner files for relief under Chapter 13, a secured creditor to whom the petitioner owes money can file a proof of claim to participate in the Chapter 13 plan distributions.[1] High-volume bankruptcy courtrooms, like the ones in the Northern District of Illinois, have created procedures to keep cases moving efficiently for the sake of debtors, their lawyers, and the trustees.[2] These "plan forward" districts, as the bankruptcy judge describes them, do not require parties to wait in limbo until all of the bar dates expire before

---

[1] The secured creditor need not file a claim or even participate in the bankruptcy proceeding. There are other ways for a secured creditor to recoup potential losses such as enforcing its lien through a foreclosure action outside of bankruptcy. *See In re Pajian*, 785 F.3d 1161, 1163 (7th Cir. 2015).

[2] The bankruptcy court provided a comprehensive explanation of the policy reasons favoring the "plan forward" courtroom. *See In re Ellis*, No. 22BK07328, 2024 WL 6816194, at *3 (Bankr. N.D. Ill. June 5, 2024).

confirming a plan. (Bar dates are deadlines by which a proof of claim must be filed.)

In these "plan forward" districts, a debtor submitting a proposed plan can include in that plan the names of creditors to whom the debtor believes she owes secured claims so that the bankruptcy court may confirm the plan before the bar date has passed. For example, suppose a debtor files for Chapter 13 bankruptcy and knows she owes Town Bank money on her mortgage. She can add Town Bank to her list of secured creditors in the plan without having to wait for the bank to file a proof of claim on its own. By doing so, the bankruptcy court can approve the plan and include Town Bank as a creditor even before the bar date for Town Bank to file a claim, thus keeping the matter moving and providing more certainty for the various parties involved.

In this case the debtor, Jill Crawford, filed a petition for relief under Chapter 13 of the Code (11 U.S.C. § 1301 et seq.). The court set January 9, 2023, as the deadline (bar date) for non-governmental creditors to file claims. The court confirmed an amended Chapter 13 plan on January 31, 2023. The plan provided for the Trustee to make distributions to a creditor, Bank of America, on a claim secured by a lien on Crawford's residence. No party objected to the inclusion of Bank of America, despite the fact that Bank of America did not file a proof of claim prior to confirmation of the plan, or at any time thereafter. More than a year later, on April 22, 2024, the Trustee moved to modify the confirmed Chapter 13 Plan to remove distributions to Bank of America and distribute those funds instead to "holders of other allowed claims." Neither the debtor nor Bank of America objected to the proposed modification. The bankruptcy court denied the Trustee's

motion and in doing so incorporated by reference its reasoning in *In re Ellis*, No. 22BK07328, 2024 WL 6816194 (Bankr. N.D. Ill. June 5, 2024) which describes both the policy reasons and the legal support for the Northern District of Illinois' "plan forward" procedures. [3] The district court affirmed the bankruptcy court's order incorporating the latter's reasoning. On appeal to this court, we are presented with legal conclusions only—from both the bankruptcy court and the district court. We review both de novo. *In re Marcus-Rehtmeyer*, 784 F.3d 430, 436 (7th Cir. 2015).

## II.

The Trustee asserts that a secured creditor must have an allowed claim in order to participate in Chapter 13 distributions under the terms of the confirmed plan, and that the only path to an allowed claim is for the creditor to have filed a proof of claim. The Trustee supports its assertion by pointing to the Code, the bankruptcy rules of procedure, and to this court's decision in *In re Pajian*, 785 F.3d 1161 (7th Cir. 2015). None of these authorities, however, require the outcome for which the Trustee advocates.

The Code requires that after a bankruptcy court confirms the bankruptcy plan, "the trustee *shall* distribute any such payment in accordance with the plan as soon as is practicable." 11 U.S.C. § 1326(a)(2) (emphasis ours). The Code also states that, "provisions of a confirmed plan bind the debtor

---

[3] As of the date of the bankruptcy court's order, June 5, 2024, the Trustee had made this same claim in eighty-seven Chapter 13 cases. The bankruptcy court entered a minute order in each of those cases, including this one, reflecting its holding in *In re Ellis*, No. 22BK07328, 2024 WL 6816194 (Bankr. N.D. Ill. June 5, 2024). *See* R. 5-2 at 92.

and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). In short, barring some exceptions that are not relevant here, confirmed plans are binding, and the trustee *must* distribute the funds according to the plan as written. It is undisputed that Bank of America had notice of the filing of the plan, its contents, and the bankruptcy court's confirmation of the plan and raised no objections.

These provisions of the Code indicate that Bank of America is bound to the terms of the plan, and therefore not only allow the Bank to receive the Chapter 13 distributions despite having not filed a claim, but *require* the Trustee to distribute them. The Trustee, however, relies on Federal Rule of Bankruptcy Procedure 3021 to cast doubt on that conclusion. That rule of procedure states that a Chapter 13 trustee must distribute payments under the plan to "creditors whose claims have been *allowed*." Fed. R. Bankr. P. 3021(a) (emphasis ours). And the Trustee points to a second rule which states, "every creditor must file a proof of claim … for the claim or interest to be allowed." Fed. R. Bankr. P. 3002(a). From this, and alleged support from language in *Pajian*, the Trustee concludes that "[a] creditor must file a proof of claim in order to participate in Chapter 13 plan distributions." *Pajian*, 785 F.3d at 1163. We will explain why this reading of *Pajian* is too broad after we finish our analysis of the relevant rules, beginning with an explanation of an allowed claim.

The Trustee asserts that a creditor must have an allowed claim in order to participate in the distributions, but how does a claim become allowed? If we think of bankruptcy as a pie shop, the people to whom the debtor owes money lining up

at the door to the shop are creditors with claims. The creditors with allowed claims are the ones who have been determined to be entitled to a piece of the pie (distributions from the confirmed plan).

A claim filed under 11 U.S.C. § 501 is deemed allowed unless a party objects, thus giving rise to a rebuttable presumption of validity. *See* 11 U.S.C. § 502(a). But if there are objections to the claim, then the bankruptcy judge—using various presumptions and evidentiary burdens that we need not discuss here—determines whether those claims are "allowed" under the Code. There were no objections to Bank of America's claim here, so had it filed a claim, there would be no debate that its claim would have been allowed. But is the filing of a claim the only way in which a claim can be allowed?

Recall that the Code requires that upon confirmation of the plan, "the trustee *shall* distribute any such payment in accordance with the plan as soon as is practicable." 11 U.S.C. § 1326(a)(2) (emphasis ours). Despite the fact that Congress sometimes distinguishes between "claims" and "allowed claims," it did not do so here.[4] *See Chicago v. Env't Defense Fund*, 511 U.S. 328, 338 (1994) ("[I]t is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another.") (internal quotation marks omitted). Section 1326(a)(2) does not state that payments may only be made to creditors with allowed claims. It simply mandates that a

---

[4] *Compare* 11 U.S.C. § 1322(b)(8), stating that a plan may "provide for the payment of all or part of a *claim* against the debtor from property of the estate or property of the debtor," *with* 11 U.S.C. § 1322(b)(6), stating that a plan may "provide for the payment of all or any part of any *claim allowed* under section 1305 of this title." (emphasis in both citations ours).

trustee make whatever payments the plan directs. As the Code states, "provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a).

If the Trustee is correct that there is a conflict between the Code and Federal Rule of Bankruptcy Procedure 3021(a) (and we do not think there is), the Code prevails. *See* 28 U.S.C. § 2075 (providing that rules created by the Supreme Court "shall not abridge, enlarge, or modify any substantive right"). The procedural rule in 3021 is a "generic rule in that it does not distinguish between a Chapter 11, 12, or 13 plan, nor does it specifically reference an allowed claim under Code sections 502(a) and (b)(9)." *In re Kitzerow,* 573 B.R. 766, 769 (Bankr. W.D. Wis. 2017).

In any event, the Code and procedural rule here are readily reconciled. A confirmed plan alters the landscape of the bankruptcy case. Once a plan is confirmed, the debtor and creditors are bound to the provisions of the plan. 11 U.S.C. § 1327(a). As the bankruptcy courts in this circuit have explained, by listing a secured creditor in the proposed plan, the debtor effectively admits the creditor's secured claim to the extent the plan provides. *See Kitzerow,* 573 B.R. at 769. Consequently, confirmation of the plan "allows" the secured claim to the extent it has been provided for in the plan. *See id.*; *see also In re Hrubec*, 544 B.R. 397, 400 (Bankr. N.D. Ill. 2016) (noting that "[c]onfirmation of the plan allows the secured claim to such extent because all parties are bound by the confirmation under Code section 1327(a)") (quoting *In re Dennis*, 230 B.R. 244, 252–53 (Bankr. D.N.J. 1999)); *but see Matter of Burns*,

566 B.R. 918, 922 (Bankr. N.D. Ind. 2017) (sustaining the trus-
tee's objections to claims included in the confirmed plan but
for which a claim had not been filed); *In re Heft*, 564 B.R. 389,
396 (Bankr. C.D. Ill. 2017) (same). We agree with those bank-
ruptcy courts that conclude that confirmation of the plan
makes all of the claims contained therein "allowed," because
all parties are bound to the confirmation of the plan. There-
fore, there is no conflict with 11 U.S.C. § 502 which "deems"
a claim "allowed, unless a party in interest … objects." Noth-
ing in the rule requires the filing of a claim as a prerequisite
to allowance.

The Trustee argues that allowing distributions to creditors
who have not filed claims conflicts with language in *Pajian*:
"[a] creditor must file a proof of claim in order to participate
in Chapter 13 plan distributions." *Pajian*, 785 F.3d at 1163. In
*Pajian*, however, the court was distinguishing between the
two options available to secured creditors. A secured creditor
can participate in the bankruptcy plan, or it can allow the lien
to pass through bankruptcy unaffected and enforce its lien
through a foreclosure. *See id.* And there are several ways for a
secured creditor to participate in bankruptcy distributions: It
can file a proof of claim. Fed. R. Bankr. P. 3002(a). The debtor
or trustee can file a claim on its behalf. 11 U.S.C. § 501. Or it
can refrain from objecting when the debtor adds its name to
the proposed plan and gives it notice, thus becoming bound
by the terms of the plan. 11 U.S.C. §§ 502; 1327(a). The lan-
guage in *Pajian* is referring to a fourth option which is not a
permissible way to participate in plan distributions: a creditor
may not fail to file a claim, fail to ascertain that the debtor has
filed a claim on its behalf or added it to the proposed plan,
and then swoop in after the bar date has passed and ask to be
added to the plan. *See Pajian*, 785 F.3d at 1164. If a creditor

wishes to participate in a plan, it must make sure it has been included in the confirmed plan. If the debtor has not included the creditor in its plan and the creditor wishes to participate in the plan—as was the case in *Pajian*—then the creditor must timely file a proof of claim. This is so because once the plan is confirmed—either with or without that creditor—the plan is binding on all parties.

Because a confirmed plan binds the parties and thus allows the claims contained therein, we cannot extrapolate to this situation from a case like *Pajian* in which the court was presented with a proposed plan that did *not* include the creditor and that creditor failed to file a claim before the bar date. In *Pajian* there was no confirmed plan binding the creditor and debtor.

The *Pajian* opinion did not address the issue here at all. The primary issue the bankruptcy court was asked to address in *Pajian* was the narrow question of whether the deadline for filing claims in Federal Rule of Bankruptcy Procedure 3002(c) applied only to secured creditors or also to unsecured creditors. The *Pajian* court held that it applied to both. *Pajian*, 785 F.3d at 1164. Once the panel made that determination, it had a second question to answer: if the creditor (secured or unsecured) misses the deadline to file her claim but the plan has not yet been finalized can she still file the claim?

In *Pajian,* the court concluded that even if the plan had not yet been finalized, creditors must file claims by the bar date. Allowing secured creditors to "swoop in at the last minute and upend a carefully constructed repayment schedule" could "wreak havoc on the ability of the debtor and the bankruptcy court to assemble and approve an effective plan," causing modifications, re-serving, and unmanageable delays.

*Id.* at 1164. The gist of the *Pajian* case, therefore, addressed how to prevent the disruptive effect of tardy claims to which the debtor objects. It does not address a situation in which the debtor identifies the creditor in the plan, and the plan gives the debtor, all creditors, and the trustee adequate notice of what the plan will require, and an opportunity to object.

The confusion and havoc the court wished to thwart in *Pajian* pose no threat in a case like this one. In this case, the debtor herself proposed including Bank of America's claim in the plan with detailed provisions; the debtor gave notice to Bank of America of the plan and those provisions; Bank of America had the opportunity to file an objection to the plan and did not; and the bankruptcy court reviewed and then confirmed the plan. Having failed to object to the plan, the creditor was bound to its provisions. 11 U.S.C. § 1327(a). The Trustee, therefore, was required to direct payments to Bank of America in accordance with that plan. 11 U.S.C. § 1326(a)(2).

For these reasons we affirm the conclusion of the bankruptcy court and the district court that the secured creditor, Bank of America, is not barred from receiving distributions from the Trustee under the terms of the confirmed plan which specifically includes Bank of America, notwithstanding the bank's failure to file a proof of claim. Like the district court, we therefore conclude that we need not reach the second question presented by the Trustee—whether the Trustee may, pursuant to 11 U.S.C. § 1329, modify a confirmed Chapter 13 plan to remove distributions to a secured creditor who has not filed a proof of claim in order to distribute those funds to other creditors. We AFFIRM the order of the district court which, in turn, affirmed the bankruptcy court's order denying

the Trustee's motion to modify the confirmed Chapter 13 plan.